# Pruhs & Donovan, S.C.

Martin J. Pruhs
Christopher D. Donovan

757 North Broadway – 4th Floor
Milwaukee, Wisconsin 53202
Tel: (414) 221-1950
Fax: (414) 221-1959

14 September 2026

The Honorable William M. Conley
United States District Court Judge
United States Courthouse – Western District of Wisconsin
Madison, Wisconsin

Re: United States v. Kyle Haag, et. al.
Western District of Wisconsin Case No. 25-CR-63
Sentencing Recommendation

Dear Judge Conley,

I am writing in advance of Mr. Haag's September 26th, 2026 sentencing to advise the Court that the defense will be recommending a sentence of five years in federal prison followed by four years of supervision.

Such a sentence would be sufficient but not greater than necessary to achieve the purposes set out in 18 USC §3553(a)(2) for the following general reasons, which I will address more specifically during the hearing.

1. Mr. Haag is forty-one years old with a very long criminal record but has never been to prison. Now he is going to federal prison for at least five years which has caused him to reflect seriously on his life, his many problems and his goals in a way that his many shorter jail sentences did not.

2. Mr. Haag has an extremely long history of abusing illicit substances, starting when he was twelve years old. (He reported drinking alcohol at age ten.) But while he has been an addict for most of his life, he has received very little substance abuse treatment. See PSR ¶279 (a 10-day inpatient program in his early twenties in Washington State; an inpatient program through Attic Correctional Services in 2016; and a 90-day inpatient program through Rock Valley Community Programs in Janesville in 2022.)

   Since being in the Columbia County Jail for the last nine months, Mr. Haag has participated in Alcoholics Anonymous and Narcotics Anonymous and he reported to the PSR writer that these groups have been helpful. See PSR ¶280.

   He also remarked to the PSR writer that "the drug game has lost its novelty" and has become a burden on his life. See PSR ¶281.

Since Mr. Haag had no involvement with firearms in this case, we believe he will likely qualify for the U.S. Bureau of Prison's Residential Drug Abuse Treatment Program. He is sincerely looking forward to the intensive 500-hour program and hopes it can be a big step to helping him start his life anew.

3. While Mr. Haag has a very lengthy criminal history, his record is quintessentially the type accumulated by non-violent offenders with serious substance abuse disorders.

   The PSR Criminal History section is mostly a litany of misdemeanor cases consisting of property offenses such as theft/forgery/possession of stolen property/"vehicle prowling" (stealing from cars in Washington State); possession of drug paraphernalia/possession of drugs; operating while intoxicated; resisting arrest/obstructing an officer; assault/battery/disorderly conduct; and criminal damage to property.

   In his mid-to-late thirties, as his addiction and life spiraled out of control, he began accumulating felony convictions in Dane County for possession of narcotic drugs, and theft/misappropriation of identification to obtain money. Before this case, he never had a conviction for distribution of controlled substances.

   What is noticeably absent from Mr. Haag's record are any convictions for firearms or weapon-related offenses or serious violent crimes. Despite having been arrested many times since he was a child, and stopped by police many more times, there is no indication he was ever found to possess a gun.

Based on these factors, along with his role of having been a "sub-distributor" in the overall conspiracy (PSR ¶33) and his other personal characteristics, we believe five years of prison, hopefully with the RDAP program, and four years of supervised release with continuing substance abuse monitoring and treatment are sufficient but not greater than necessary to achieve the purposes of sentencing in 18 USC §3553(a)(2).

Sincerely,

*s/ Martin J Pruhs*
Martin J. Pruhs